IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY PONTON,
    Plaintiff,

vs.                                        Case No. 3:10cv537/WS/MD

WALTER McNEIL, et al.
    Defendants.

## O R D E R

    This cause is before the court upon plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983. Plaintiff has failed to use forms provided by the court for filing this complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under section 1983 unless the appropriate complaint form is completed. Thus, plaintiff must file his complaint on the form for use in section 1983 cases, even if he wants to attach separate pages explaining the facts that underlie the complaint. However, plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he need not file exhibits as evidentiary support for his complaint.[1] The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.

    To amend his complaint, plaintiff should completely fill out a new civil rights complaint form, marking it **"Amended Complaint,"** and he should write this case number in the appropriate space. Plaintiff is advised that the amended complaint must contain **all** of his allegations, and it should not in any way refer to the original complaint. Matters not

---

[1] The majority of plaintiff's "complaint" appears to be copied from a response in opposition to a motion for summary judgment filed in other litigation. Such "argument" regarding the propriety of summary judgment is not appropriate at this juncture. Plaintiff should limit himself to setting forth the facts underlying his complaint.

set forth in an amended pleading are deemed abandoned. Local Rule 15.1, Northern District of Florida.

The court also notes that plaintiff has sought to file his complaint on behalf of other inmates, in a class action. Federal Rules of Civil Procedure 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff is proceeding *pro se*, is unskilled in the law, and has limited access to legal materials. A prisoner proceeding pro se is inadequate to represent the interests of other inmates in a class action. *Flymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) (non attorneys proceeding pro se cannot adequately represent a class); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (class action status properly denied to pro se plaintiff); *Caputo v. Fauver*, 800 F.Supp. 168, 170 (D.N.J. 1992) (collecting cases); *Cf. Lawson v. Wainwright*, 108 F.R.D. 450, 456 (S.D. Fla. 1986) (one of the two criteria for determining the adequacy of named plaintiff's representation of proposed class under Fed.R.Civ.P. 23(a)(4) is that it appear he "will vigorously prosecute the interests of the class *through qualified counsel*." Citation omitted, emphasis added). It would be plain error for a court to allow a *pro se* inmate plaintiff to represent others in a class action. *Wallace v. Smith,* 145 Fed.Appx. 300 (11th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also*, *Bell v. United States,* 2008 WL 360615 (N.D. Fla. 2008); *Pina v. Horel*, 2008 WL 686590 (N.D. Cal. 2008); *Hickson v. Burkhart*, 110 F.R.D. 177, 178, n.1 (S.D.W.Va. 1986); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132, 144 (E.D. Tenn. 1980), *aff'd*, 659 F.2d 1081 (6th Cir. 1981). The specific claims set forth in the beginning of the complaint relate to plaintiff alone. The remainder of the complaint appears to be a memorandum filed in response to a motion for summary judgment in other litigation and also does not support class certification. The fact that

plaintiff has secured the signatures of seven inmates on affidavits purporting to complain about the conditions of confinement is insufficient to warrant class certification. Therefore, certification of this case as a class action is not appropriate at this time.

Plaintiff did not file an application to proceed *in forma pauperis*. If plaintiff wishes to proceed with this case, he shall either pay the $350.00 filing fee or file an *in forma pauperis* application with supporting documentation on the proper court forms. The court will not process the complaint until this is done. Furthermore, plaintiff is advised that if leave to proceed *in forma pauperis* is granted, he may be required to make installment payments towards the filing fee. See *In re Tyler*, 110 F.3d 528 (8th Cir. 1997).

Accordingly, it is ORDERED:

1. The clerk is directed to send plaintiff a section 1983 complaint form and an application to proceed *in forma pauperis*.

2. Plaintiff shall file an amended complaint using the court form.

3. Plaintiff shall either pay the $350.00 filing fee or file a complete application to proceed *in forma pauperis* as instructed herein.

4. Plaintiff shall do the above within twenty-eight (28) days from the date of the docketing of this order. Failure to do so will result in a recommendation that this case be dismissed for failure to prosecute and to comply with an order of the court.

DONE AND ORDERED this 29th day of December, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**